1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   DANIEL C. DECARLO, SB# 160307
2     E-Mail: Dan.DeCarlo@lewisbrisbois.com
   THOMAS S. KIDDE, SB# 61717
3     E-Mail: Thomas.Kidde@lewisbrisbois.com
   JEAN M. KIM, SB# 309720
4     E-Mail: Jean.Kim@lewisbrisbois.com
   633 West 5th Street, Suite 4000
5  Los Angeles, California 90071
   Telephone: 213.250.1800
6  Facsimile: 213.250.7900

7  Attorneys for Plaintiff INSURANCE
   KING AGENCY, INC.

8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

12 | INSURANCE KING AGENCY, INC., | CASE NO. **'21 CV1539 BAS DEB** |

INSURANCE KING AGENCY, INC.,
an Illinois corporation,

13              Plaintiff,          **COMPLAINT FOR:**

14      vs.                        **1. TRADEMARK INFRINGEMENT,
                                    15 U.S.C. §1114;**
15

16 DIGITAL MEDIA SOLUTIONS,         **2. FALSE DESIGNATION OF
   LLC., a Delaware Limited Liability   ORIGIN, FALSE ADVERTISING
   Company, UNDERGROUND             AND UNFAIR COMPETITION
17 ELEPHANT D/B/A UE.CO, and        15 U.S.C. §1125(a);**
   ZIPQUOTE.COM and DOES 1 through
18 10, inclusive,

19              Defendants.         **3. VIOLATIONS OF CALIFORNIA
                                    COMMON LAW UNFAIR
20                                  COMPETITION;**

21                                  **4. VIOLATIONS OF CALIFORNIA
                                    BUSINESS &
22                                  PROFESSION CODE § 17200 et
                                    seq.; and**
23

24                                  **5. VIOLATIONS OF CALIFORNIA
                                    FALSE ADVERTISING LAW
25                                  BUSINESS & PROFESSIONS CODE
                                    § 17500**

26

27                                  **DEMAND FOR JURY TRIAL**

28

4841-2714-3928.1

COMPLAINT

1   Plaintiff Insurance King Agency, Inc. ("King Agency"), by and through its

2   undersigned attorneys, hereby makes this Complaint against Defendants Digital

3   Media Solutions, LLC ("DMS"), Underground Elephant d/b/a UE.CO ("UE.CO")

4   and ZipQuote.com ("ZipQuote"), and Does 1-15, inclusive (collectively,

5   "Defendants") as follows:

6   **JURISDICTION AND VENUE**

7   6.   This action arises under the United States Lanham Act, 15 U.S.C.

8   §1051 *et seq.* and contains related California statutory and common law claims. This

9   Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10  This Court has supplemental subject matter jurisdiction over Plaintiff's state law

11  claims pursuant to 28 U.S.C. § 1367(a), since they are so related to the federal

12  claims that they form part of the same case or controversy and derive from a

13  common nucleus of operative facts.

14  7.   This Court has personal jurisdiction over DMS. DMS owns and

15  controls websites with web addresses, https://auto.free-insurance-quotes.us/king and

16  https://auto-insurance.majorinsurance.com/ wherein DMS represents itself as a

17  California entity with a California address, namely, 225 Broadway Suite 2200, San

18  Diego, California 92101. This Court has personal jurisdiction over UE.CO as based

19  on information and belief, UE.CO's principal place of business is at 225 Broadway

20  Suite 2200, San Diego, California 92101.This Court has personal jurisdiction over

21  ZipQuote as based on information and belief, ZipQuote's principal place of business

22  is at 600 B. Street, San Diego, California 92101.

23  8.   Venue in this judicial district is proper pursuant to 28 U.S.C. §§

24  1391(b)(1), 1391(c) in that this is the judicial district in which a substantial part of

25  the acts and omissions giving rise to the claims occurred, and the Defendants'

26  principal place of business and residence are within the Southern District of

27  California.

28

4841-2714-3928.1

2

COMPLAINT

## NATURE OF ACTION

9.     This is an action for trademark infringement, unfair competition and false designation of origin under the *Lanham Act*, 15 U.S.C.§§ 1114, 1125(a), statutory unfair competition under *California Business and Professions Code* §§17200, 17500, and common law unfair competition under California law.

## PARTIES

10.     Plaintiff King Agency is an Illinois corporation with its principal place of business at 127 N. Alpine Road, Rockford, Illinois 61107.

11.     King Agency is informed and believes, and on such information and belief alleges, that Defendant DMS is a Delaware limited liability company with its place of business listed as 4800 140th Ave. N. #101, Clearwater, FL 33762-3800.

12.     King Agency is informed and believes, and on such information and belief alleges, UE.CO's principal place of business is 225 Broadway Suite 2200, San Diego, California 92101.

13.     King Agency is informed and believes, and on such information and belief alleges, ZipQuote's principal place of business is 600 B. Street, San Diego, California 92101.

14.     King Agency does not know the true names and capacities of the Defendants sued herein as Does 1 through 15, inclusive, and therefor sues such by fictitious names. King Agency will amend this Complaint to allege the true names and capacities of Does 1 through 15, inclusive, when ascertained. King Agency is informed and believes, and on such information and belief alleges, that each Defendant sued herein as Does 1 through 15, inclusive, is responsible on some manner for the occurrence, injury and other damages alleged herein.

15.     King Agency is informed and believes, and on such information and belief alleges, that at all times mentioned herein, each of the Defendants was a alter-ego, agent, employee, guarantor, assignee, successor of the other and in doing the things hereinafter mentioned, was acting within the course and scope of such

1 | agency, employment, assignment, license and/or relationship in doing the acts
2 | alleged herein.

3 | ## SUMMARY OF FACTS

4 | 16.    Since 2000, King Agency has operated as an insurance broker
5 | specializing in writing low cost automobile insurance, SR-22's, motorcycle and
6 | renter's insurance policies for individual consumers.

7 | 17.    King Agency markets its insurance services through the Internet from
8 | its website at www.insuranceking.com as well as www.insurancekingquote.com and
9 | also utilizes other media and has over 6.5 million views on YouTube®.

10 | 18.    King Agency is also the sponsor of NASCAR driver Josh Bilicki and
11 | its insuranceking.com and its Lion Logo are prominently displayed on his race car
12 | as well as the bus and car carrier which travels to each race across the country.



4

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28







19.   King Agency, while based in Illinois, has offices and is actively writing

policies in Indiana, Iowa, Mississippi, Missouri, Kansas, Ohio, Tennessee, Texas, Wisconsin.  It is licensed to issue insurance policies in Pennsylvania, Alabama and Colorado but has not done so as of yet.  King Agency is also in the process of applying in other states, including California and has even received multiple requests for quotes from California residents that it must decline until its licensing in the state is complete.

20.    For over twenty years, and long before the acts of the Defendants herein, King Agency has used the marks "Insurance King" and its "Lion Logo" in advertising for its services, on its signage for its brick and mortar offices as well as promotional materials and in social media.

21.    King Agency is also the owner of two trademark registrations in the United States Patent and Trademark Office:  ®, Registration. 4,628,343 ("'343 Reg.") and INSURANCE KING®, Registration No. 4,628,341 ("'341 Reg.") (collectively "King Marks") for "insurance brokerage services" with first use claimed in April 2000.  The King Marks are incontestable and copies of the Registration certificates are attached as Exhibits A and B, respectively.

22.    King Agency has developed the King Marks at great expense and such are valuable and irreplaceable assets.  King Agency has invested substantial sums in advertising and promotion of its services under the King Marks and such have come to be recognized as identifying King Agency and its services.

23.    King Agency has a vital economic interest in the protection and preservation of the King Marks and the maintenance of the goodwill and reputation associated therewith.

**DEFENDANT DMS' ACTIONS**

24.    King Agency is informed and believes that Defendant DMS is a

Delaware limited liability company that is a provider of digital advertising connecting consumers and advertisers within auto insurance brokerage services. King Agency is informed and believes that DMS uses a web address confusingly similar to Plaintiff's web address, which is https://www.insuranceking.com/. DMS' similar web address is https://auto.free-insurance-quotes.us/king. Alternatively, DMS uses another web address, https://auto-insurance.majorinsurance.com/. Both websites (the "Websites") are owned and operated by DMS as indicated in the respective California Privacy Notice. (Printouts of the California Privacy Notice of the Websites are attached hereto as Exhibits C and D, respectively). King Agency is further informed and believes that DMS represents itself as a California company with a California address at 225 Broadway Suite 2200, San Diego, CA 92101. (Printouts of the Websites showing the California address are attached hereto as Exhibits E and F, respectively).

25.     King Agency is informed and believes that DMS acquired UE.CO, including ZipQuote on or around November 5, 2019. Upon further information and belief, DMS still operates under the name, UE.CO, which maintains an office at 225 Broadway Suite 2200, San Diego, California 92101.

26. Upon information and belief, DMS places bids through Google Adwords' Pay Per Click (PPC) program wherein King Agency is referenced several times as a search term, including "insurance king Rockford IL," "kings insurance" and "king insurance." As such, DMS is specifically targeting customers searching for King Agency by bidding on search terms that will capture web users searching for Plaintiff. As detailed below, DMS has willfully designed the ads that are generated and shown to web users following the web users search for Plaintiff, to deceive web users into the mistaken belief that by clicking through the online advertisement, that the web user is communicating with Plaintiff.  On information and belief, DMS intentionally seeks to mislead consumers by presenting advertisements which DMS knows the web user will understand to be an advertisement sponsored by Plaintiff.

DMS does this to divert revenue that should flow through to Plaintiff to DMS and its affiliates.

27.     Upon information and belief, DMS invests millions per month in its Adwords purchases. King Agency believes that it has been deprived of significant revenue from web users who have searched for King Agency and been misled by DMS' PPC ads into purchasing insurance through entities that the web user consumers believed to be King Agency. To be clear, King Agency's complaints here are not simply that DMS bids on King Agency's trademarks as search terms through Google Adwords, but rather, that DMS bids on such trademarks as search terms as part of a scheme to then present those web users who are lured to Defendants' advertisements, with deceptive advertisements that cause internet users to believe they (the web users) are contacting King Agency when in fact, the web users are not contacting King Agency, but instead the web users are contacting Defendants. Defendants do this to pass off Defendants' services as those of Plaintiff's. Defendants do this knowingly and with an intent to trade off of Plaintiff's good will by deceiving web users through the scheme referenced above.

28.     DMS' usage of INSURANCE KING and similar variations thereof in the text of its online ads along with other misleading queues are designed to deceive web users to believe that the web users are contacting King Agency when in fact web users who click through Defendants' deceptive ads are contacting competitors of King Agency.  This constitutes trademark infringement, false designation, false advertising and palming off  as more fully explained below.

29.     Upon further information and belief, DMS sells insurance leads generated from the deceptive acts to third-party insurance companies and agents.

30.     As shown below, upon entering "insurance king" into the search bar of a recent google search, DMS' paid ad with the header text "King Auto Insurance" appears in the search results:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



21    31.    On May 20, 2021, King Agency sent DMS a cease and desist letter,

22  demanding that DMS cease all infringing activities.  DMS' counsel, Mr. John Dore

23  of Klein Moynihan Turco LLP, responded the next day and represented that DMS

24  was "no longer using 'Insurance King' in connection with any website or Google

25  Adwords," and that "any and all Insurance King-related content has been removed

26  from [DMS'] advertising and marketing."  (A true and correct copy of King

27  Agency's May 20 letter and DMS' May 21, 2021 letter referenced herein are

28  attached hereto as Exhibit G).

32.     Despite Mr. Dore's representation,  DMS' infringement and wrongful acts continued. King Agency's counsel then again wrote to DMS' counsel on May 25, 2021, demanding again that DMS cease all the wrongful acts that it had promised to cease. In an email dated June 1, 2021, Mr. Dore again responded promising that the alleged wrongful conduct had been abated by saying that his client had removed "InsuranceKing" from all advertising. However, despite TWICE making  promises to comply with King Agency's demands, DMS continued to engage in its wrongful conduct including continuing to use "Insurance King" as well as similar variations thereof in its online ads and otherwise DMS continued to engage in deceptive conduct as identified above. As a final warning, King Agency's counsel wrote to Mr. Dore on June 2, but Mr. Dore provided no response.  (A true and correct copy of an email string between King Agency's counsel and DMS' counsel including the May 25, June 1, and June 2, 2021 emails referenced herein is attached hereto as Exhibit H). That Defendants' counsel initially promised that Defendants would cease the identified wrongful conduct only to breach that promise is testament to how profitable Defendants' wrongful conduct is and continues to be. Defendants made a concerted calculus and determined that it was more valuable to renege on its counsel's promises than honor the promises.  There can be no better indication of just how willful the wrongful acts of Defendants are and why there is a substantial need for significant monetary and injunctive consequences to Defendants' behavior.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

33.   DMS' continued willful infringement of the King Marks includes:  On May 31, 2021, DMS' paid ad using the "Insuranceking" in the header text appeared as follows:



/ / /

1     (1) On June 2, 2021, DMS' paid ad using the "King Auto Insurance" in the

2         header text appeared as follows:

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25 / / /

26 / / /

27 / / /

28 / / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(2) On August 2, 2021, DMS' paid ad using the "Kings Insurance" in the header text appeared as follows:



/ / /

34.     Defendant by its unauthorized use of the King Marks and related wrongful activities have engaged in the acts of trademark infringement, false designation of origin, false advertising and unfair competition complained of herein.

35.     Defendant's activities have damaged and will continue to damage the reputation, business and goodwill of King Agency.  Unless enjoined by the Court, Defendant will continue and further escalate their unlawful activities.

36.     King Agency has no adequate remedy at law and Defendant's activities have caused and, if not enjoined, will continue to cause irreparable harm to King Agency including its business reputation and goodwill.

**DEFENDANT UE.CO'S ACTIONS**

37.     Upon information and belief, Defendant UE.CO is a marketing company that specializes in auto insurance lead generation.

38.     As stated above, upon information and belief, UE.CO was acquired by DMS on or around November 5, 2019. Although UE.CO's web address, https://ue.co/ is still live, the landing page prominently displays a headline, "UE.CO is now DMS Insurance."

39.     Upon information and belief, UE.CO has an office at 225 Broadway Suite 2200, San Diego, California 92101. A screenshot of UE.CO's LinkedIn page showing the address and photo of its office suite plaque are respectively shown below:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24



25  / / /
26  / / /
27  / / /
28

40.     Upon further information and belief, UE.CO's contact number is listed on Google as 800-466-4178 which has an automated recording set up for DMS.

41.     For reasons stated above, and on information and belief UE. CO is DMS or its alter ego.

42.     Defendant UE.CO by its unauthorized use of the King Marks and related activities has engaged in the acts of trademark infringement, false designation of origin, false advertising and unfair competition detailed above.

43.     Defendant UE.CO 's activities have damaged and will continue to damage the reputation, business and goodwill of King Agency. Unless enjoined by the Court, Defendant will continue and further escalate their unlawful activities.

44.     King Agency has no adequate remedy at law and Defendant's activities have caused and, if not enjoined, will continue to cause irreparable harm to King Agency including its business reputation and goodwill.

**DEFENDANT ZIPQUOTE'S ACTIONS**

45.     Upon information and belief, Defendant ZipQuote is an entity that

generates and monitors insurance leads and distributes them to insurance agents.

46.     As stated above, UE.CO, including ZipQuote, were acquired by DMS on or around November 5, 2019.

47.     ZipQuote's website also provides its physical address as 225 Broadway Suite 2200, San Diego, California 92101. (A printout of ZipQuote's website showing the San Diego address is attached hereto as Exhibit I).

48.     Defendant ZipQuote by its unauthorized use of the King Marks and related activities have engaged in the acts of trademark infringement, false designation of origin, false advertising and unfair competition detailed above.

49.     Defendant ZipQuote 's activities have damaged and will continue to damage the reputation, business and goodwill of King Agency. Unless enjoined by the Court, Defendant will continue and further escalate their unlawful activities.

50.     King Agency has no adequate remedy at law and Defendant's activities have caused and, if not enjoined, will continue to cause irreparable harm to King Agency including its business reputation and goodwill.

## FIRST CAUSE OF ACTION

### (For Trademark Infringement, 15 U.S.C. §1114

#### (Against All Defendants)

51.     King Agency realleges, and incorporates herein by this reference the allegations contained in all the prior paragraphs as though fully set forth herein.

52.     Defendants and each of them have infringed the King Marks by way of Defendants' unauthorized use in commerce of "The King of Insurance" and/or confusingly similar variations thereof, despite repeated demands by King Agency to cease in connection with their advertising, marketing, and provision of insurance brokerage services, as alleged herein, is likely to cause confusion, to cause mistake, or to deceive consumers.

53.     Defendants' acts, alleged herein, constitute willful federal trademark

1   infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

2   54.   By reason of Defendants' actions, King Agency has suffered

3   irreparable harm to its valuable trademarks and the goodwill associated therewith.

4   King Agency has been and, unless Defendants are preliminarily and permanently

5   restrained from their actions, will continue to be irreparably harmed.  King Agency

6   has no adequate remedy at law and therefore seeks injunctive relief under 15 U.S.C.

7   § 1116.

8   55.   Defendants knew or should have known that their use of "The King of

9   Insurance" was likely to confuse and mislead consumers as to the source of their

10  services. Indeed, as alleged above, Defendants were well aware that the complained

11  of acts herein would result in consumers being confused. It was that very confusion

12  that Defendants hoped to and did, on information and belief, profit from.

13  Accordingly, this is an exceptional case under 15 U.S.C. §1117(a).

14  56.   As a direct and proximate result of the foregoing acts, practices, and

15  conduct of Defendants, King Agency has been substantially injured in its business

16  resulting in lost revenues, lost profits, loss of goodwill, diminished reputation and

17  other damages in an amount to be proven at trial but which exceeds $75,000.  The

18  wrongful activity of Defendants also requires Defendants to pay their profits as a

19  remedy pursuant to 15 U.S.C. §1117(a).

20  57.   Defendants acts were willful and King Agency is entitled to recover

21  reasonable attorneys' fees and costs under 15 U.S.C. § 1117.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27

28

4841-2714-3928.1

## SECOND CAUSE OF ACTION

### (False Designation of Origin, False advertising and Unfair Competition 15 U.S.C. §1125(a))

### (Against All Defendants)

58.    King Agency realleges, and incorporates herein by this reference the allegations contained in all the prior paragraphs as though fully set forth herein.

59.    Defendants' wrongful and willful acts as articulated above constitutes false advertising, false designation of origin and unfair competition. Defendants' unauthorized use in commerce of "The King of Insurance" and/or confusingly similar variations thereof, coupled with the other deceptive conduct identified above,  despite repeated demands by King Agency to cease, in connection with their advertising, marketing, and providing of insurance brokerage services, as alleged herein, is likely to cause confusion, to cause mistake, or to deceive consumers as to the origin, source, sponsorship or affiliation of Defendants' services and is likely to cause consumers to erroneously believe that Defendants' services are in some way affiliated with King Agency.

60.    Defendants knew or should have known that their use of "The King of Insurance" was likely to confuse and mislead consumers as to the source of their services. Defendants were well aware that the complained of acts herein would result in consumers being confused. It was that very confusion that Defendants hoped to and did, on information and belief, profit from.

61.    As a direct and proximate result of the foregoing acts, practices, and conduct of Defendants, King Agency has been substantially injured in its business resulting in lost revenues and profits, and diminished goodwill and reputation.

62.    As a direct and proximate result of the foregoing acts, practices, and conduct of Defendants, King Agency has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy

1  at law, including without limitation the loss of consumer goodwill and unless

2  enjoined and restrained by the Court, Defendants will continue to engage in conduct

3  in violation of the Lanham Act and Defendants actions render the matter exceptional

4  under 15 U.S.C. §1117(a).

5       63.    As a result of Defendants' acts, King Agency has suffered damages in

6  an amount to be proven at trial but which exceeds $75,000.  King Agency is further

7  entitled to attorneys' fees and costs, and the profits earned by Defendants

8  attributable to their wrongful conduct.

9  **THIRD CAUSE OF ACTION**

10  **(California Common law Unfair Competition)**

11  **(Against All Defendants)**

12       64.    King Agency realleges, and incorporates herein by this reference the

13  allegations contained in all the prior paragraphs as though fully set forth herein.

14       65.    Defendants' acts complained of herein constitute common law unfair

15  competition under the common law of the State of California.

16       66.    Defendants' wrongful activity as articulated above constitutes a willful

17  intent and effort on the part of Defendants and each of them, to deceive the

18  consuming public and in particular web users searching for Plaintiff.  The wrongful

19  actions of Defendants and each of them constitutes palming or passing off in that

20  Defendants seek to lure web users and the consuming public into the false belief that

21  Defendants are the source of the services when in fact the web users and consumers

22  were searching for Plaintiff and believed that they (the web users and consumers)

23  believed they were accessing advertisements sponsored by Plaintiff.  The wrongful

24  acts of the Defendants and each of them have caused and will continue to cause a

25  likelihood of confusion as to the source of Defendants' services, namely the web

26  user consumers necessarily believe and understand that the services they (the web

27  user and consumer) are accessing when clicking on Defendants' advertisement are

28  those services of the Plaintiff when in fact the services are those of the Defendants

1   and their affiliates.  The complained of wrongful conduct of Defendants caused

2   substantial injury to Plaintiff as web user consumers who would have purchased

3   services through Plaintiff, instead purchased those services from Defendants and

4   their affiliates costing Plaintiff substantial lost profits.

5       67.   King Agency is informed and believes and on such information and

6   belief alleges that Defendants' acts, as alleged herein, were taken with the intent of

7   causing confusion, mistake, and deception as to the source of their services and

8   improperly trading upon the reputation and goodwill of King Agency and impairing

9   the valuable rights in its King Marks.

10      68.   Defendants' acts herein were and are willful and intentional acts of

11  unfair competition.

12      69.   By reason of Defendants' actions, King Agency has suffered

13  irreparable harm and unless Defendants are restrained from further infringement of

14  the King Marks, King Agency will continue to suffer irreparable harm. King

15  Agency has no adequate remedy at law that will adequately compensate it for such

16  irreparable harm if Defendants' conduct is allowed to continue.

17      70.   As a result of Defendants' actions, King Agency has suffered damages

18  in an amount to be proven at trial but which exceeds $75,000 and is entitled to

19  attorneys' fees and costs, the profits earned by Defendants attributable to their

20  wrongful conduct and injunctive relief.

21      71.   Defendants' acts as alleged herein were willful, oppressive, malicious

22  and/or fraudulent. Accordingly, King Agency seeks both actual damages in tort and

23  punitive or exemplary damages in an amount appropriate to punish and make an

24  example of Defendants, and to deter such wrongful conduct in the future.

25  / / /

26  / / /

27  / / /

28  / / /

# FOURTH CAUSE OF ACTION

## (California Statutory Unfair Competition – California Business & Profession Code § 17200 et seq.)

### (Against all Defendants)

72.     King Agency realleges, and incorporates herein by this reference the allegations contained in all the prior paragraphs as though fully set forth herein.

73.     Defendants, through the conduct alleged herein, have engaged in and continue to engage in trademark infringement, unlawful, unfair, and/or fraudulent conduct in violation of Section 17200, *et seq.* of the *California Business and Professions Code*. Defendants have also engaged in and continue to engage in conduct that is deceptive, untrue and misleading in violation of *California Business and Professions Code* Section 17500, which also constitutes a violation of Section 17200.

74.     As a result of the foregoing, King Agency has no adequate remedy at law such that monetary damages alone will not fully compensate for Defendants; blatant misconduct and unless enjoined by the Court, Defendants will continue to violate King Agency's rights.

75.     As a result of the foregoing, King Agency is entitled to injunctive relief pursuant to *California Business and Professions Code Section* 17203.

# FOURTH CAUSE OF ACTION

## (Violation of California's False Advertising Law – California Business & Profession Code § 17500 et seq.)

### (Against all Defendants)

76.     King Agency realleges, and incorporates herein by this reference the allegations contained in all the prior paragraphs as though fully set forth herein.

77.     Defendants are subject to California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, et seq. Under the FAL, it is "unlawful, for any

1   person … to make or disseminate or cause to be made or disseminated before the
2   public in this state, … [in] any advertising device … or in any other manner or
3   means whatever, including over the Internet, any statement concerning … personal
4   property or those services, professional or otherwise, or concerning any
5   circumstance or matter of fact connected with the proposed performance or
6   disposition thereof, which is untrue or misleading, and which is known, or which by
7   the existence of reasonable care should be known, to be untrue or misleading."

8       78.    Defendants committed acts of false advertising, as defined in sections
9   17500, et seq., by using in commerce of "Insurance King" and/or confusingly
10   similar variations thereof, despite repeated demands by King Agency to cease, in
11   connection with their advertising, marketing, and providing of insurance brokerage
12   services, as alleged herein, is likely to cause confusion, to cause mistake, or to
13   deceive consumers as to the origin, source, sponsorship or affiliation of Defendants'
14   services and is likely to cause consumers to erroneously believe that Defendants'
15   services are in some way affiliated with King Agency.

16       79.    Defendants knew or should have known through the exercise of
17   reasonable care that their ads were untrue and misleading.

18       80.    Defendants' actions in violation of the FAL were false and misleading
19   such that the general public is and was likely to be deceived.

20       81.    King Agency is likely to suffer, has suffered, and will continue to
21   suffer irreparable injuries as a result of Defendants' wrongful acts. King Agency has
22   lost and will continue to lose money or property due to Defendants' false advertising
23   campaign, which has induced and continues to induce consumers to purchase
24   insurance through entities that the consumers believe to be King Agency.

25       82.    Defendants' conduct has injured King Agency and the general public,
26   and unless enjoined, will continue to cause irreparable harm to King Agency and the
27   general public. The balance of equities and the public interest favor enjoining
28   Defendants' unlawful conduct. King Agency is therefore entitled to equitable relief

1   including injunctive relief as set forth in its Prayer for Relief.

2   **PRAYER FOR RELIEF**

3   **WHEREFORE,** Plaintiff Insurance King Agency prays for judgment as

4   follows:

5   A. For general, compensatory and special damages according to proof at the

6   time of trial including an enhancement by the Court as set forth in 15 U.S.C 1117;

7   B. For a disgorgement of the profits earned by Defendants that are attributable

8   to the wrongful acts set forth herein pursuant to 15 U.S.C. 1117;

9   C. For a determination that this case is "exceptional" and that Defendants be

10   ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiff in

11   prosecuting this action pursuant to 15 U.S.C. 1117;

12   D. For the grant of a permanent injunction enjoining Defendants from using

13   the "The King of Insurance" and the lion logo, or any confusingly similar marks, in

14   connection with the marketing, promotion, or advertising of Defendants' services.

15   E. For punitive damages caused by the violation of Defendants regarding the

16   third cause of action in an amount to be determined at trial;

17   F. For the costs of this action and for pre-judgment interest as allowed by law;

18   and

19   G. For any such further legal and equitable relief as the Court deems proper.

20   DATED: August 31, 2021

DANIEL C. DECARLO
THOMAS S. KIDDÉ
JEAN M. KIM
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Daniel C. DeCarlo
Attorneys for Plaintiff INSURANCE
KING AGENCY, INC.